IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICKALE ALONSO HICKS,

       Petitioner,

 v.

DYLON RADTKE,

       Respondent.

OPINION and ORDER

19-cv-935-jdp

---

  Mickale Alonso Hicks, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2015 judgment of conviction for felony murder, entered in Rock County Case No. 2015CF635. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

  Hicks raises three claims: (1) there was insufficient evidence to convict him of felony murder for his role in an attempted armed robbery in which the victim was shot and killed; (2) the court erred by admitting prejudicial "other acts" evidence: photographs of Hicks holding a gun, gun magazine, and marijuana; and (3) he has newly discovered evidence in the form of an affidavit from a witness who recants his prior statement to police.

  Hicks has exhausted his first two claims, but not his claim about newly discovered evidence. He asks the court to stay his habeas petition and hold it in abeyance while he takes his newly discovered evidence to the state courts.

  Under *Rhines v. Weber*, 544 U.S. 269 (2005), courts may stay a petition containing both exhausted and unexhausted claims when outright dismissal of the petition could jeopardize the petitioner's ability to later file a timely habeas petition on the unexhausted claims. *Id.* at 275.

Stay and abeyance is available only if there was good cause for petitioner's failure to exhaust his claims in state court, the unexhausted claims are not plainly meritless, and the petitioner does not appear to be engaged in abusive litigation tactics or intentional delay. In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it. *See, e.g., Hatcher v. Tegels*, No. 18-cv-75-wmc, 2018 WL 840164, at *2 (W.D. Wis. Feb. 13, 2018) (collecting cases).

Hicks has more than 60 days remaining on his one-year habeas clock: the Wisconsin Supreme Court denied his petition for review on January 15, 2019 and he did not seek review by the United States Supreme Court, so his conviction became final 90 days later, on April 15, 2019. *See Anderson v. Litscher*, 281 F.3d 672, 674–75 (7th Cir. 2002) (one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until expiration of 90-day period in which prisoner could have filed petition for writ of certiorari with United State Supreme Court). So if Hicks wants to pursue his claim about his newly discovered evidence, he has plenty of time to file a motion in state court. He should also know that any properly filed motion he litigates in state court will toll his one-year habeas clock. *See* 28 U.S.C. § 2244(d)(2). So I will deny his motion to stay the case.

Alternatively, Hicks can choose to not pursue the claim about newly discovered evidence. If he would like to pursue only his two exhausted claims, he should inform the court of that and I will screen his petition. I will give him a short time to decide how to proceed. But I warn him that if he chooses to dismiss his claim about newly discovered evidence and proceed with only his first two claims, it is highly unlikely that he will be allowed to file a second § 2254 habeas petition.

2

ORDER

IT IS ORDERED that:

1. Petitioner Mickale Alonso Hicks's motion to stay the case, Dkt. 1, is DENIED.

2. Petitioner may have until February 5, 2020 to decide whether to have this case dismissed without prejudice so that he can pursue his claim about newly discovered evidence, or whether he would like to withdraw his claim about newly discovered evidence and proceed with a habeas petition on his other two grounds.

Entered January 22, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge