# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICKALE ALONSO HICKS,

                        Petitioner,

    v.

DYLON RADTKE,

                        Respondent.

ORDER

19-cv-935-jdp

---

Mickale Alonso Hicks, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Hicks raises three claims: (1) there was insufficient evidence to convict him of felony murder for his role in an attempted armed robbery in which the victim was shot and killed; (2) the court erred by admitting prejudicial "other acts" evidence: photographs of Hicks holding a gun, gun magazine, and marijuana; and (3) he has newly discovered evidence in the form of an affidavit from a witness who recants his prior statement to police. In a January 22, 2020 order, I denied Hicks's motion to stay his habeas case under *Rhines v. Weber*, 544 U.S. 269 (2005) while he exhausted his claim about newly discovered evidence because he had ample time left on his one-year statute of limitations to file a motion in state court. I directed Hicks to inform the court whether he wanted to dismiss this case without prejudice so that he could pursue his unexhausted claim in state court, or drop his unexhausted claim and move forward with his habeas petition.

Hicks has responded by filing a motion for reconsideration of my decision to deny his request for a stay. Dkt. 6. I take him to be saying that I misapplied *Rhines* by considering the time remaining on his habeas clock, rather than making a decision only on the merits of his claims and a consideration whether he had good cause for raising his unexhausted claim. But

Hicks is incorrect. Nothing in *Rhines* suggests that a district court *must* stay a habeas case if the petitioner has enough time on his one-year clock to pursue remedies in state court—which stays the one-year clock—and then refile his habeas petition. As I explained in the January 22 order, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock to initiate the state court exhaustion process and return to federal court after completing it. *See, e.g.*, *Hatcher v. Tegels*, No. 18-cv-75-wmc, 2018 WL 840164, at *2 (W.D. Wis. Feb. 13, 2018) (collecting cases). So I will deny his motion for reconsideration.

Hicks states that if I deny his motion, he would like to have his habeas petition dismissed without prejudice so that he can pursue his unexhausted claim in state court. So I will dismiss this case.

### ORDER

IT IS ORDERED that:

1.  Petitioner Mickale Alonso Hicks's motion for reconsideration, Dkt. 6, is DENIED.

2.  This case is DISMISSED without prejudice.

Entered February 3, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge